# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES E. CRANE and BILLINA CRANE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:10-cv-0561 |
| | ) | |
| THE NORTH SALEM STATE BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON MOTION TO DISMISS AND MOTION FOR SANCTIONS

This breach of contract action is currently before the Court on Defendant The North Salem State Bank's ("North Salem Bank") Motion to Dismiss under Rule 12(b) (7) for failure to join a party under Rule 19; failure to join the real party in interest under Rule 17; lack of diversity jurisdiction under Rule 12(b) (1) and failure to state a claim upon which relief can be granted under Rule 12(b) (6). [Dkt. 12]. North Salem Bank has also filed a Motion for Sanctions [Dkt. 13]. For the reasons set forth below, the Motion to Dismiss is **GRANTED** and the Motion for Sanctions is **DENIED**.

## I. FACTUAL BACKGROUND

The Plaintiffs, James E. Crane and Billina Crane (collectively, the "Cranes"), are the President and Secretary/Treasurer, respectively, of Dari-Licious of Greencastle, Inc. ("Dari-Licious"). The Cranes are residents of City of Inverness, Florida. Dari-Licious is a corporation formed under the laws of the State of Indiana and operates as a restaurant in Greencastle, Indiana. Defendant North Salem Bank is a corporation organized under the laws of the State of Indiana and is located in North Salem, Indiana. On or about December 23, 2005, Dari-Licious and the Cranes executed various loan documents with North Salem Bank for a line of credit of

1

approximately $570,000.00 for the start up, construction and operation of Dari-Licious. The loan documents included a line of credit agreement, promissory note, a security agreement and guaranties. Both James and Billina Cranes executed the guaranties of performance of the loan documents. The promissory note was executed by the Cranes in their capacities as officers of Dari-Licious and in their individual capacities. The line of credit and security agreements were both executed by the Cranes in their official capacities only. The name of the borrower on all of the loan documents is indicated as "Dari-Licious of Greencastle, Inc." [Dkt. 1 Exhibit A].

On or about February 15, 2006, a third-party, Frank Rose, was permitted to draw upon the line of credit in the amount of $109,820.00, which was made payable to another entity, Rosewood Acres. The Cranes contend that this draw on the line of credit was unauthorized and have brought claims of breach of contract, breach of fiduciary duty and negligence against North Salem Bank. The Cranes contend that the line of credit was issued to them individually and that they are the parties in the "lending relationship" with North Salem Bank that were damaged by the alleged breach. The Cranes' complaint states that jurisdiction exists under 28 U.S.C. § 1332 because the Cranes are residents of Florida and North Salem Bank is an Indiana corporation. North Salem Bank challenges this position, stating that the actual party should be Dari-Licious. Defendant has filed this Motion to Dismiss based upon Plaintiffs' failure to name Dari-Licious as a party to this action.

## II.  LEGAL STANDARD

Rule 12(b) (7) allows a defendant to move for dismissal of an action where the plaintiff has failed to join a party under Rule 19 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b) (7). "The purpose of Federal Rule of Civil Procedure 19 is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste

of judicial resources." *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990). Dismissal of an action for failure to join a party at the outset is not the preferred result under the Rules; therefore, the party must be joined if feasible. *King v. Stomel*, No. 1:08-cv-1666-DFH-DML, 2009 WL 1748112 at *2 (S.D. Ind. June 18, 2009). Rule 19(a) provides for joinder of materially interested parties whose addition will not deprive the court of jurisdiction, and such parties are deemed to be "persons to be joined if feasible." *Moore*, 901 F.2d at 1447. Once the court determines that the absent party should be included in the action but cannot be made a party, then the court must look to the second prong of the inquiry to determine whether in equity and good conscience the litigation can proceed in the party's absence under Rule 19(b). *Id.*

### III. DISCUSSION

#### A. MOTION TO DISMISS

North Salem Bank offers several bases upon which the current action should be dismissed, the key fact being that the "lending relationship" alleged in the Cranes' Complaint was actually between North Salem Bank and Dari-Licious. [Dkt. 12 at 1]. Copies of the loan documents were attached to the Cranes' complaint. [Dkt. 1 Exhibit A]. Plaintiffs argue in their response brief that they signed the "loan" in their individual capacities, as well as in their capacities as officers of Dari-Licious and therefore the "lending relationship" was between the Cranes and North Salem Bank. [Dkt. 15 at 2]. However, review of the loan documents attached to the Complaint reveals that the Cranes only signed the guaranties and the promissory note (as guarantors of performance) in their individual capacities, and all other loan documents—including the line of credit and security agreement—were executed in the name of the company only. All of the documents list Dari-Licious as the "borrower" of the line of credit, and the Cranes' own Complaint states that the loan was for the operation of the business. [Dkt. 1 at 2]. The line of credit agreement states "You [North Salem Bank] have extended to me [Borrower] a

line of credit…."[1]  [ Dkt. 1 Exhibit A at 2].  The caption on each document indicates that the word "I" refers to the name of "each borrower above", and the only borrower listed is Dari-Licious of Greencastle, Inc., not the Cranes.  Only the promissory note states that "I" and "me" refers to both the borrower *and* any guarantors under the terms of the note.   Plaintiffs' response brief again misquotes the terms of the promissory note by stating only that " 'I,' 'me' or 'my' refers to each Borrower who signs this note." [Dkt. 15 at 2].  The Cranes attempt to define themselves as borrowers based upon this language.  However, the actual terms of the note state that " 'I,' 'me' or 'my' refers to each Borrower who signs this note *and each other person or legal entity (including guarantors, endorsers, and sureties) who agree to pay this note (together referred to as 'us')*." [Dkt. 1 Exhibit A at 2] (emphasis added).  The terms of the promissory note are drafted to apply not just to borrowers, but guarantors as well.  While the Cranes may have assumed some obligation to North Salem Bank as guarantors' under the terms of the promissory note and guaranties, it is clear from the loan documents themselves that the borrower in this "lending relationship" is Dari-Licious.

Next the Court must determine whether Dari-licious could be joined or substituted as a party to the current action and still maintain the Court's jurisdiction under 28 U.S.C. § 1332.  For the purpose of establishing jurisdiction based upon diversity of citizenship, "a corporation shall be deemed to be a citizen of any State in which it has been incorporated and of the State where it has its principal place of business…." 28 U.S.C. § 1332(c)(1).  As indicated in the Certificate of Existence of Dari-Licious submitted with Defendant's Motion to Dismiss, Dari-Licious is an

---

[1] The Cranes' Complaint incorrectly quotes the loan documents by stating that the word "you" refers to the Cranes and the word "me" refers to North Salem Bank.  The caption on each of the loan documents and the terms of the promissory note indicate that "you" refers to North Salem Bank.  The loan documents' captions  state that "I" refers to the borrower, and terms and conditions of the promissory note state that "I" and "me" refer to the borrower *and* the guarantors.

Indiana corporation.[2] [Dkt. 12 Exhibit A]. In addition, all of the loan documents list the address of Dari-Licious as Greencastle, Indiana. Therefore, Dari-Licious is considered to be a "citizen" of Indiana for purposes of establishing diversity of citizenship. Where the district court has original jurisdiction founded solely on diversity, the court cannot exercise supplemental jurisdiction over claims by plaintiffs made parties under Federal Rule of Civil Procedure 19 if the exercise of such jurisdiction would be inconsistent with the jurisdictional requirements of 28 U.S.C. § 1332. *See* 28 U.S.C. § 1367(b). Because North Salem Bank is also an Indiana entity, the addition or substitution of Dari-Licious as a party would destroy the Court's diversity jurisdiction.

North Salem Bank contends that Dari-Licious must be included as a party to the current lawsuit. However, because Dari-Licious is an Indiana corporation, the addition or substitution of Dari-Licious as a party plaintiff would defeat the Court's subject matter jurisdiction under 28 U.S.C. § 1332, therefore requiring dismissal under Rule 12(b)(7). *See* 28 U.S.C. § 1332(a)(1). Plaintiffs allege that North Salem Bank breached their agreement by permitting a third party to make an unauthorized draw on "their" line of credit; however, as discussed above, the line of credit was extended to Dari-Licious, the actual borrower under the loan documents, not the Cranes. Since it has been determined that the borrower under the loan documents is Dari-Licious, the Court must look at whether Dari-Licious is a "person to be joined if feasible" under Rule 19(a) and, if so, whether the case may go forward without Dari-Licious as a party under Rule 19(b).

---

[2] In ruling on a 12(b)(7) motion for dismissal for lack of joinder of an indispensable party, the court accepts the allegations in the complaint as true; however, the court is permitted to go outside the pleadings and look to extrinsic evidence. *Davis Cos. v. Emerald Casino*, 268 F.3d 477, 479-480 (7th Cir. 2001).

5

The Seventh Circuit has established a two part test for joinder under Rule 19. First the court must determine whether a party is one that should be joined, if feasible, under Rule 19(a). *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 481 (7th Cir. 2001) (citing *Thomas v. U.S.*, 189 F.3d 662, 667 (7th Cir. 1999)). Second, if the court determines that the party should be included in the lawsuit but cannot be for jurisdictional reasons, the court must then determine whether the litigation can proceed in that party's absence under Rule 19(b).[3] *Davis*, 268 F.3d at 481.

In order to analyze the first prong of the inquiry and determine whether a party is a "person to be joined if feasible" under Rule 19(a), there are three factors that the court must consider: "(1) whether complete relief can be accorded among the parties without joinder, (2) whether the absent person's ability to protect its interest in the subject-matter of the suit will be impaired, and (3) whether any existing parties might be subjected to a substantial risk of multiple or inconsistent obligations unless the absent person joins the suit." *Thomas*, 189 F.3d at 667; Fed. R. Civ. P. 19(a).

---

[3] Rule 19 states, in relevant part:

(a) **Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party....

(b) **Determination by the Court Whenever Joinder is not Feasible.** If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.Proc. 19(a)-(b).

Under the Rule 19(a) analysis, the Cranes cannot proceed with their lawsuit without the addition or substitution of Dari-Licious as a party. First, the Court could not grant complete relief among the current parties because the main party to the loan agreement—the borrower—is not a part of the current action. The Cranes are not alleging that they sustained damages via breach of the promissory note or guarantee; they are alleging that damages arose from breach of the line of credit agreement to which Dari-Licious is a party and the Cranes in their individual capacities are not. Secondly, Dari-Licious' ability to protect its interest would be impaired by not being made party to this lawsuit since the alleged acts of North Salem Bank giving rise to this lawsuit would necessarily have caused Dari-Licious the same alleged damages. Third, North Salem Bank could be subject to a substantial risk of multiple or inconsistent obligations by not joining Dari-Licious as a party because Dari-Licious, as the borrower, would be able to bring an action against North Salem Bank under the exact same set of facts and circumstances as are present in this case. Therefore, Dari-Licious must be considered a "person to be joined if feasible" under Rule 19(a).

The second prong of the Seventh Circuit's two part test requires the court to look at the four factors under Rule 19(b) to determine whether the action can go forward without the absent party or whether it must be dismissed. These factors are (1) the extent to which a judgment entered in the absence of the party will be prejudicial to the parties currently before the court, (2) whether the extent of such prejudice may be lessened or avoided by reshaping the judgment, (3) whether a judgment entered in a party's absence will be adequate, and (4) whether the plaintiff will have an adequate remedy if the action is dismissed. *Moore*, 901 F.2d at 1447; Fed. R. Civ. P. 19(b). "If there is no way to structure a judgment in the absence of the party that will protect both the party's own rights and the rights of existing litigants, the unavailable party is regarded

as "indispensable" and the action is subject to dismissal upon proper motion under Federal Rule of Civil Procedure 12(b)(7)." *Thomas*, 189 F.3d at 667.

In the instant case, the lawsuit filed by the Cranes cannot go forward in the absence of Dari-Licious under Rule 19(b)'s four part analysis. First, any judgment entered in the absence of Dari-Licous would be prejudicial to North Salem Bank because it would subject it to possible multiple and inconsistent judgments if Dari-Licious were to later assert a separate claim against the Defendant in state court. Second, it is not possible for the court to shape a judgment that would lessen such prejudice. The harms that the Cranes are alleging are the same as those that would be sustained by a borrower, not separately as guarantors. It would be impossible for the court to fashion a remedy specific to these plaintiffs that would not prejudice the rights of Dari-Licious or North Salem Bank. Third, a judgment entered in Dari-Licious' absence would not be adequate to address the claims or potential claims of all parties to the loan documents, which necessarily includes the actual borrower. Finally, the Cranes are free to re-file their case in a state court with proper jurisdiction, and thus, would have an adequate remedy if this action were to be dismissed. Therefore, Dari-Licious must be considered an indispensible party under Rule 19.

Because Dari-Licious is an indispensible party to this action under Rule 19, the case must be dismissed without prejudice. The Court finds the Rule 12(b)(7) and Rule 19 issue to be dispositive in this case and thus, declines to analyze the merits of North Salem Bank's other bases for dismissing this action. Defendant's Motion to Dismiss is **GRANTED.**

### B. MOTION FOR SANCTIONS

North Salem Bank has filed a Motion for Sanctions under Federal Rule of Civil Procedure Rule 11(b). [Dkt. 13]. Rule 11 states that a motion for sanctions "must be served

under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). This twenty-one day "safe harbor provision" is not a mere formality in the Seventh Circuit, but instead is intended to allow the alleged offending party to avoid sanctions by giving them the opportunity to correct the challenged item. *Rodriguez v. Parsons Infrastructure & Tech. Grp., Inc.*, 2010 WL 4175044 at *2 (7th Cir. Oct. 19, 2010) (citing *Divane v. Krull Elec. Co.*, 200 F.3d 1020, 1026 (7th Cir. 1999)). "[A] party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position." *Rodriguez,* 2010 WL 4175044 at *2 (quoting Fed. R. Civ. P. 11 cmt. 1993 Amendments).

North Salem Bank has failed to satisfy the notice requirement of Rule 11(c)(2). The certificate of service indicates that the motion was served on the Plaintiffs on the same day that the motion was filed with the court. North Salem Bank failed to allow the Cranes the twenty-one day time period in which to correct their Complaint prior to filing its Motion for Sanctions with the Court, and instead filed and served it contemporaneously with their Motion to Dismiss. Therefore, Defendant's Motion for Sanctions is **DENIED.**

SO ORDERED.

Date: 03/08/2011

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

9

DISTRIBUTION:

Bruce Brattain
BRATTAIN & MINNIX
batmi5@aol.com

Mario Garcia
BRATTAIN & MINNIX
mgarcia@brattainminnix.com

Cynthia P. Helfrich
CASEY LAW OFFICES
Cyndi@caseylawusa.com

Thomas A. Casey
CASEY LAW OFFICES
tom@caseylawusa.com